UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OCTAVIA BURKS,

    Plaintiff,

    v.                                                                                              Case No. 24-CV-90-SCD

CARE MANAGEMENT PLUS,

    Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

        Octavia Burks worked as a personal care worker for Care Management Plus for nearly two-and-a-half years. She was fired in November 2017, when she was 52 years old. Burks alleges that the company treated her differently and fired her because of her age and her previous complaints of age discrimination. Care Management Plus has moved to dismiss Burks' complaint for failure to state a claim upon which relief can be granted. Because the complaint alleges enough facts to allow for a plausible inference that Burks suffered an adverse employment action because of her age and for complaining about age discrimination, I will deny the company's motion.

## BACKGROUND

        Around November 2017, Burks was fired from her job as a personal care worker for Care Management Plus. *See* Compl. 3–6, ECF No. 1. A few months later, Burks filed an administrative complaint accusing her former employer of age discrimination and retaliation. The agency investigated the allegations, dismissed the complaint, and issued Burks a right-to-sue notice. *See* Compl. Ex. 1, ECF No. 1-1. Burks then sued Care Management Plus in federal

court alleging claims for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. Burks, who is proceeding without the assistance of legal counsel, did not fill out the "Statement of Claim" section of her form complaint. *See* Compl. 2. Instead, she simply inserted her administrative complaint, which contains the following allegations. *See id.* at 3–6.

Around July 2015, Burks got a job as a personal care worker for Care Management Plus. Compl. 3. She had many responsibilities for her patients, including bathing, doing laundry, cooking, cleaning, and passing out medication. *Id.* at 5. In November 2017, management informed Burks that she needed to be certified to distribute medication or else she'd lose her job. She was immediately taken off the work schedule and later terminated after she failed to obtain the required certification.

Burks believes that she was fired because of her age (52 at the time) and for previously speaking out about alleged discrimination in the workplace. Compl. 5. She says the company didn't provide her the training necessary to become certified in distributing medication. She also says the company allowed younger employees to do less work and forced her to cover other employees' shifts when they didn't show up. According to Burks, she complained to management—including Cathy Croth—about having to work more than her younger colleagues and having to cover other employees' shifts. Specifically, she frequently complained about being transferred to a different location in the middle of her shift to cover for others after she'd completed more than 75% of her own scheduled work. Burks indicates that, after telling Croth her concerns, Croth retaliated with a harassing phone call unrelated to Burks' work performance. Burks wants her job back and to be compensated for the time that she missed. *See id.* at 5–6.

2

On March 6, 2024, Care Management Plus filed a motion to dismiss Burks' complaint, ECF No. 6, and a brief in support of its motion, ECF No. 7. Burks filed a brief in opposition to the motion, ECF No. 11, and Care Management Plus filed a reply, ECF No. 12. Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. *See* ECF Nos. 2, 5.

## LEGAL STANDARD

Care Management Plus moves to dismiss Burks' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, "a complaint must 'contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint satisfies this pleading standard when its "'factual allegations . . . raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A]lthough a plaintiff 'need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate.'" *Id.* (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). "To analyze the sufficiency of a complaint [courts] must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

3

## DISCUSSION

Burks alleges that Care Management Plus discriminated against her based on her age and retaliated against her for complaining about age discrimination. The Age Discrimination in Employment Act "protects workers 40 years of age and older from age-based employment discrimination." *Wrolstad v. CUNA Mut. Ins. Soc'y*, 911 F.3d 450, 454 (7th Cir. 2018). The Act makes it unlawful for an employer "to discharge any individual [in the protected class] or otherwise discriminate against [such an] individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1)). The Act "also prohibits retaliation for activity protected by the Act." *Wrolstad*, 911 F.3d at 456. "More specifically, the Act makes it unlawful for an employer to 'discriminate against any of his employees . . . [for] oppos[ing] any practice made unlawful by this section' or because the employee . . . 'has made a charge . . . under this chapter.'" *Id.* (quoting 29 U.S.C. § 623(d)).

Care Management Plus first argues that Burks' claims fail because she did not state a prima facie case of employment discrimination or retaliation. However, an employment discrimination plaintiff does not need "to plead a prima facie case of employment discrimination" to survive a motion to dismiss. *Kaminski*, 23 F.4th at 777 (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)). According to Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Seventh Circuit has repeatedly explained that "[t]he pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017)

4

(collecting cases). In other words, "[i]t is enough for a plaintiff to assert that she was treated worse because of protected characteristics." *Graham*, 8 F.4th at 627 (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010)).

Care Management Plus also argues that Burks has failed to sufficiently allege that she was discriminated against due to her age and that she was terminated for opposing age discrimination in the workplace; I disagree. Burks alleges in her complaint that the company discriminated against her because of her age by allowing younger workers to do less work. She also alleges that she believes she was fired because she spoke out about having to do more work than the younger workers. Those allegations—which must be construed liberally because Burks does not have a lawyer—are sufficient to clear the low bar for pleading employment-discrimination claims in the Seventh Circuit. She has identified the type of discrimination (age), when it occurred (around November 2017), and by whom (management). Although Burks did not name the specific person who fired her, the company clearly knows who did. Moreover, Burks alleges that she addressed her concerns—presumably about having to work more than her younger colleagues—to her manager, Cathy Croth. Those minimal facts allow for a plausible inference that Care Management Plus discriminated against Burks because of her age and terminated her for complaining about age discrimination.

Care Management Plus points out that some of Burks' allegations do not amount to discrimination. For example, Burks also alleges that she was forced to cover other employees' shifts when they didn't show up for work and that she was fired for complaining about that mandate. Burks does not link those activities to her age, or to any other protected characteristic. Nevertheless, "[t]he fact that [a discrimination plaintiff] included other, largely

5

extraneous facts in her complaint does not undermine the soundness of her pleading." *Clark*, 709 F. App'x at 829 (quoting *Swanson*, 614 F.3d at 405).

Finally, Care Management Plus argues that Burks pleaded herself out of court by alleging that other factors played a role in her treatment and her termination. "[L]itigants may plead themselves out of court by alleging facts that establish a defense." *Clark*, 709 F. App'x at 829 (citing *Bennett v. Schmidt*, 153 F.3d 516, 517 (7th Cir. 1998)). To prevail on an age discrimination or retaliation claim, the plaintiff must prove that her age was the "but-for" cause of the challenged employment action; "it's not enough to show that age was *a* motivating factor." *Wrolstad*, 911 F.3d at 454 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009) and quoting *Martino v. MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 455 (7th Cir. 2009)); *see also Barton v. Zimmer, Inc.*, 662 F.3d 448, 455 (7th Cir. 2011) (Under the Age Discrimination in Employment Act, "retaliation must be a but-for cause of a materially adverse action, not merely a contributing factor.").

Care Management Plus insists that Burks has alleged facts that establish age was not the but-for cause of the company's actions. For example, Burks alleges that she was terminated shortly after management told her that she needed to be certified to distribute medication to patients. According to the company, the reasonable inference to be drawn from this allegation is that Burks was taken off the work schedule and then terminated because she did not obtain the required certification—that is, a valid reason to terminate an at-will employee like Burks. Burks further alleges that she believes she was taken off the schedule and terminated because she spoke out about being forced to cover other employees' shifts and that she also believes she was terminated because she spoke out about having to do more work than her younger colleagues. The company says that Burks' use of the word "also" indicates

6

that she understands multiple factors played a role in her termination. Thus, in the company's eyes, Burks has alleged that she was treated unfairly and terminated for reasons having nothing to do with her age.

The courthouse doors remain open to Burks despite those additional allegations. Under the burden-shifting framework adapted from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), an employment discrimination plaintiff must initially prove (among other things) that "she was meeting the defendant's legitimate expectations." *Simpson v. Franciscan All., Inc.*, 827 F.3d 656, 661 (7th Cir. 2016) (citing *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 880 (7th Cir. 2016)). If the plaintiff establishes a prima facie case, the burden then shifts to the defendant "to 'articulate a legitimate, nondiscriminatory reason for the adverse employment action.'" *Id.* (quoting *Andrews v. CBOCS W., Inc.*, 743 F.3d 230, 234 (7th Cir. 2014)). Once the defendant articulates such a reason, "the burden shifts back to the plaintiff to submit evidence that the employer's explanation is pretextual." *Id.*

Accordingly, assuming that Care Management Plus terminated Burks' employment because she failed to obtain the required certification or because she complained about having to cover other employees' shifts, Burks would still have the opportunity to demonstrate that the company used those factors as a pretext for age discrimination. That appears to be Burks' theory. In her response to the company's motion, Burks indicates that, prior to November 2017, she performed her job well (with no disciplinary actions), and the company allowed her to distribute medication to patients every day despite her not being certified. *See* Pl.'s Resp. 4. Burks also indicates that the company permitted young employees to remain on the work schedule until they received their certification. And she says she was terminated shortly after the company cancelled the training course for the certification. Thus, it can reasonably be

7

inferred that the missing certification was pretextual. Although Burks did not include these alleged facts in her complaint, she did not need to plead pretext. At this stage, it's enough for Burks to allege a plausible claim that her age was the but-for cause of her treatment and her termination. She has. Whether that claim pans out remains to be seen.

## CONCLUSION

For all the foregoing reasons, the court **DENIES** the defendant's motion to dismiss plaintiff's complaint, ECF No. 6. Court staff will contact the parties to set up a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**SO ORDERED** this 11th day of June, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge