UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**OCTAVIA BURKS,**

    **Plaintiff,**

    v.      Case No. 24-CV-90-SCD

**CARE MANAGEMENT PLUS,**

    **Defendant.**

---

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RESPONSE TO DISCOVERY AND DEEM FACTS ADMITTED

---

Defendant Care Management Plus seeks an order (1) compelling the plaintiff, Octavia Burks, to respond to all outstanding discovery; and (2) deeming all requests for admission to have been admitted. Care Management Plus also seeks fees and costs associated with bringing its motion. For the reasons given below, I will grant the company's motion.

Burks filed this action without the assistance of counsel in January 2024, alleging age discrimination and retaliation by Care Management Plus, her former employer. *See* ECF No. 1. The matter was reassigned to this court after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 2, 5, 9. After denying Care Management Plus's motion to dismiss, *see* ECF No. 13, the court held a scheduling conference with the parties, *see* ECF No. 17, and issued a scheduling order, *see* ECF No. 18.

Shortly therefore, on July 17, 2024, Care Management Plus served Burks with its first set of interrogatories, requests for production of documents, and requests for admissions. *See*

ECF No. 22-1. After Burks failed to respond within the time permitted by the Federal Rules of Civil Procedure, the company gave Burks another chance to submit her responses. *See* ECF No. 22-2. Burks attempted to respond to the interrogatories, but she did not respond to the requests for production or the requests for admissions. *See* ECF No. 22-3. On September 26, 2024, Care Management Plus sent Burks a deficiency letter, explaining her missteps and what was needed from her. *See* ECF No. 22-4. The company indicated that it would seek relief from the court if Burks did not provide full answers by October 7, 2024.

After not hearing from Burks, on November 14, 2024, Care Management Plus filed a motion under Rules 26(b)(1), 36(a)(3), and 37(a)(3)(B). *See* ECF No. 21. Rule 26 allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Other rules allow a party to serve interrogatories (Rule 33), requests for production of documents (Rule 34), and requests for admission (Rule 35). The responding party has thirty days to provide answers or objections to those discovery requests. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3). "A party who fails to respond to requests for admissions within 30 days is deemed to have admitted those requests." *Walsh v. McCain Foods*, 81 F.3d 722, 726 (7th Cir. 1996) (citing Fed. R. Civ. P. 36(a)). Likewise, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if the responding parts "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Care Management Plus's discovery requests appear relevant to Burks's claims or the company's defenses, and Burks has not responded to them. After the company filed its motion, Burks attempted to respond to the requests for admission. *See* ECF No. 24. However,

those responses are untimely. Moreover, Burks has never responded to the requests for production of documents, and her responses to several interrogatories are insufficient. The court therefore **GRANTS** the defendant's motion to compel response to discovery and deem facts admitted, ECF No. 21. Each of the requests for admission are deemed admitted by Burks. *See* Fed. R. Civ. P. 36(a)(3). Burks must respond to the requests for production and supplement her responses to interrogatories 2, 3, and 4 by January 3, 2025. *See* Fed. R. Civ. P. 37(a). If Burks fails to respond or request an extension by that deadline, the court may dismiss this action. *See* Fed. R. Civ. P. 41(b); E.D. Wis. Civil L. R. 41(c).

There remains the issue of costs and fees. Given the plaintiff's *pro se* status, and her partial after-the-fact to remedy matters, I will not award costs and fees at this time. If Burks fails to participate in this lawsuit in a meaningful fashion, however, her case will be subject to dismissal and the court will entertain future motions seeking costs and fees.

**SO ORDERED** this 16th day of December, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge