**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**OCTAVIA BURKS,**

**Plaintiff,**

**v.** **Case No. 24-CV-90-SCD**

**CARE MANAGEMENT PLUS,**

**Defendant.**

---

**DECISION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Octavia Burks worked as a personal care worker for Care Management Plus for nearly two and a half years. Her employment ended in November 2017, when she was 52 years old, after she failed to call in or show up for multiple shifts. Burks believed that she was wrongfully terminated, so she filed an administrative complaint accusing her former employer of age-related discrimination. After that complaint was dismissed, Burks sued Care Management Plus in federal court alleging claims for age discrimination and retaliation. Care Management Plus has moved for summary judgment on both claims. Because Burks has failed to present evidence from which a reasonable jury could find that Care Management Plus discriminated against her because of her age or for complaining about age-related discrimination, the court will grant the company's motion for summary judgment.

**BACKGROUND**

I take these background facts from Care Management Plus's statement of facts, ECF No. 32. Despite multiple attempts by Care Management Plus, Burks did not timely respond to the company's requests for admission; thus, each request for admission was deemed

admitted by Burks. *See* Order Granting Def.'s Mot. to Compel 3, ECF No. 25.[1] Burks also did not respond to Care Management Plus's statement of facts or submit her own proposed facts. She included a fact section in her brief opposing summary judgment, *see* Pl.'s Resp. 3, ECF No. 35, and she attached to her brief several documents, *see* Pl.'s Resp. Ex. 1, ECF No. 35-1. However, those "facts" are not supported by an affidavit, a declaration, or other admissible evidence, and the documents are not authenticated. Accordingly, as Care Management Plus warned Burks in its motion, *see* Def.'s Mot., ECF No. 30, the company's factual assertions are accepted as true, and its statements of material fact are deemed admitted for the purpose of deciding summary judgment, *see* Fed. R. Civ. P. 56(c) & (e); E.D. Wis. Civ. L. R. 56(a)(1)(A) & (b)(4).

In July 2015, Care Management Plus hired Burks as a personal care worker. Def.'s Facts ¶ 3. As a personal care worker, Burks assisted clients with daily activities like bathing, doing laundry, cooking, and cleaning. *Id.* ¶ 5. She also distributed medication. Care Management Plus has multiple work sites, and occasionally, Burks had to change sites during the middle of a shift due to staffing issues. *Id.* ¶ 9. Burks complained to management about being transferred mid-shift. *Id.* ¶ 10.

Burks worked at Care Management Plus for over two years without issue. However, in the fall of 2017, Burks made a medication error. Def.'s Facts ¶ 12. Company policy required personal care workers who made medication errors to be retrained on distributing medication. *Id.* ¶¶ 13–14. Burks scheduled the remediation training, but it was cancelled at the last minute. *Id.* ¶ 15. Although Burks believed that she was "immediately" removed from the work

[1] Burks did attempt to respond to the requests for admission after Care Management Plus filed its motion to compel, *see* ECF No. 24, but by then it was too late, *see* Fed. R. Civ. P. 36(a)(3). Burks has not moved to withdraw or amend her admissions. *See* Fed. R. Civ. P. 36(b).

schedule upon being notified that she had to be certified to distribute medication, *see* Compl. 5, ECF No. 1, as of the time of the canceled training, she remained on the schedule, Def.'s Facts. ¶ 16. Burks, however, didn't show up for multiple shifts, and she didn't call in to report that she'd be missing work. *Id.* ¶¶ 16–17, 21–22. After the canceled training, Burks asked her supervisor, Kathy Kroft, when she'd be able to return to work. *See* Pl.'s Suppl. Disc. Resp. Ex. 1, at 1, ECF No. 26-1. Kroft responded, "You are not taken off the schdule were did you get the info from never said you would not be able to work." *Id.* at 3 (mistakes in the original text message).

Care Management Plus did eventually remove Burks from the schedule. The company had a "no call, no show" policy—which Burks acknowledged upon being hired—whereby employees who missed a shift without contacting management were immediately removed from the schedule until they met with management; a second incident was grounds for immediate termination. *See* Def.'s Facts ¶ 23 (citing Rosenzweig Decl. Ex. B, ECF No. 33-2). On November 6, 2017, Care Management Plus sent Burks a letter noting that she had missed multiple days of work without calling in. *Id.* ¶ 24 (citing Rosenzweig Decl. Ex. C, ECF No. 33-3). The letter indicated that if Burks failed to contact the office by November 10 to schedule a meeting with her supervisor, the company would assume that she no longer wanted to continue her employment and that she had voluntarily resigned her position. Burks received the letter, but she did not contact the office by November 10 to discuss returning to work. *Id.* ¶¶ 25–26. Care Management Plus took Burks' lack of response as a voluntary resignation. *See id.* ¶ 27.

A few months later, Burks filed an administrative complaint accusing Care Management Plus of age discrimination and retaliation. *See* Compl. 3–6. Burks, who was 52

at the time of the alleged discrimination, asserted that management removed her from the work schedule in November 2017 because she was not certified to distribute medication and later terminated her employment after she failed to obtain the required certification. *Id.* at 5. Burks further asserted that the company allowed younger employees to do less work and forced her to cover other employees' shifts when they didn't show up. According to Burks, she complained to Kroft and others about having to work more than her younger colleagues and having to cover other employees' shifts. Burks alleged that, after she expressed her concerns, Kroft retaliated with a harassing phone call unrelated to Burks' work performance, management removed Burks from the work schedule, and eventually the company terminated Burks' employment. The administrative agency investigated the allegations, dismissed the complaint, and issued Burks a right-to-sue notice. *See* Compl. Ex. 1, ECF No. 1-1.

Proceeding without a lawyer, in January 2024, Burks sued Care Management Plus in federal court asserting claims for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. *See* Compl. The matter was reassigned to this court after the parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. *See* ECF Nos. 2, 5 & 9. On February 17, 2025, Care Management Plus filed a motion for summary judgment, ECF No. 30, and a brief in support of its motion, ECF No. 31. Burks filed a brief opposing summary judgment, ECF No. 35, and Care Management Plus filed a reply brief, ECF No. 36.

## LEGAL STANDARD

Care Management Plus has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, "[a] party may move for summary

judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)). "Although [the court] construe[s] all facts and make[s] all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Id.* (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

## DISCUSSION

Burks alleges that Care Management Plus discriminated against her based on her age and retaliated against her for complaining about age discrimination. Care Management Plus seeks summary judgment on both claims.

### I. Care Management Plus Is Entitled to Summary Judgment on Burks' Age-Discrimination Claim

The Age Discrimination in Employment Act "protects workers 40 years of age and older from age-based employment discrimination." *Wrolstad v. CUNA Mut. Ins. Soc'y*, 911 F.3d 450, 454 (7th Cir. 2018). As relevant here, the Act makes it unlawful for an employer "to discharge any individual [in the protected class] or otherwise discriminate against [such an] individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1)). "To prevail on an age-discrimination claim, the plaintiff must prove that [her] age was the 'but-for' cause of the challenged job action." *Wrolstad*, 911 F.3d at 454 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78

(2009)). "In other words, under the ADEA 'it's not enough to show that age was *a* motivating factor. The plaintiff must prove that, but for [her] age, the adverse action would not have occurred.'" *Id.* (quoting *Martino v. MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 455 (7th Cir. 2009)).

To survive summary judgment, the plaintiff must offer sufficient admissible evidence from which "a reasonable jury could find that the plaintiff suffered an adverse action *because of* her age." *Marnocha*, 986 F.3d at 719 (quoting *Carson v. Lake County, Indiana*, 865 F.3d 526, 533 (7th Cir. 2017)). "A plaintiff may prove but-for causation either 'by introducing direct or circumstantial evidence that her employer took an adverse action against her because of her age' or by invoking the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)." *Id.* at 718 (quoting *Carson*, 865 F.3d at 532–33). Under the burden-shifting approach, the plaintiff must offer evidence showing that: "(1) she is a member of a protected class, (2) she was meeting the defendant's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated employees who were not members of her protected class were treated more favorably." *Id.* at 718–19 (quoting *Carson*, 865 F.3d at 533). "If the plaintiff establishes this prima facie case, 'the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* at 719 (quoting *Carson*, 865 F.3d at 533). If the defendant provides a legitimate, nondiscriminatory reason for the adverse employment action, "the burden shifts back to the plaintiff to submit evidence that the employer's explanation is pretextual." *Ibid.* Ultimately, the court "must evaluate all evidence together as a whole, whatever the source." *Id.* at 718 (citing *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 766 (7th Cir. 2016)).

Burks generally alleges that Care Management Plus wrongfully terminated her employment because of her age. She does not offer any evidence of age-related comments or harassment. Instead, she says that she was performing well at her job for over two years, during which time the company required her to distribute medication to its clients. According to Burks, that all changed in the fall of 2017, when Care Management Plus told her that she needed to be certified to distribute medication to continue her employment. Burks claims that the company immediately removed her from the work schedule but didn't provide her with the necessary training to become certified and later terminated her employment when she failed to obtain the certification.

Contrary to Burks' unsupported allegations, the undisputed facts establish that Care Management Plus did not terminate Burks' employment because of her age. Those facts show that the company required Burks to be retrained on distributing medication in the fall of 2017 because she had made at least one medication error. *See* Def.'s Facts ¶¶ 12–14. Although Burks believed that she was immediately removed from the work schedule, she remained on the schedule leading up to the training session. *See id.* ¶¶ 15–16, 20; *see also* Pl.'s Suppl. Disc. Resp. Ex. 1, at 3. Burks, however, failed to call in or show up for multiple shifts. *See* Def.'s Facts ¶¶ 16–17, 21–22. Care Management Plus removed Burks from the work schedule because of the multiple no-call, no-shows, and after Burks did not contact the office to discuss reinstatement, as instructed, the company assumed that she had voluntarily resigned her position. *See id.* ¶¶ 21–28. In other words, Care Management Plus did not fire Burks; she quit. But "[v]oluntary resignation, on its own, is not an adverse employment action because the

plaintiff, not the employer, is the relevant actor." *Stamey v. Forest River, Inc.*, 37 F.4th 1220, 1230 (7th Cir. 2022) (Brennan, J., dissenting).[2]

Even if her departure could be considered a discharge, Burks offers no evidence tying that employment action to her age. Burks points to no age-related comments or harassment. At the time of the alleged termination, Burks was not meeting the company's legitimate expectations, as she had missed several scheduled shifts without explanation. Burks does not identify any employees under forty years old who the company treated more favorably. And Care Management Plus had a legitimate, nondiscriminatory reason to discontinue Burks' employment—she had repeatedly violated the company's no-call, no-show policy.

Moreover, under Burks' version of events (which she fails to support with any admissible evidence), age was not the but-for cause of her alleged termination. Burks alleges that the company immediately removed her from the work schedule and later terminated her employment because she was not certified to distribute medication. The unauthenticated text messages that Burks attached to her brief do appear to reveal some confusion about the schedule and show Burks wanting to get back to work. *See* Pl.'s Resp. Ex. 1, at 1–2.[3] Care Management Plus also admitted in its answer that the company told Burks she needed to be certified to distribute medication to continue her employment and that the company removed Burks from the work schedule because she lacked certification and training. *See* Def.'s Answer 2, ECF No. 15. However, the certification issue and apparent scheduling mix up were

---

[2] Burks does not allege that she was constructively discharged—that she suffered "working conditions so intolerable that a reasonable person would have felt compelled to resign." *Stamey*, 37 F.4th at 1225 (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004)).

[3] Burks failed to include another text message where Kroft told her that she had not been removed from the work schedule. *See* Pl.'s Suppl. Disc. Resp. Ex. 1, at 3.

unrelated to Burks' age, and Burks provides no evidence suggesting the lack of certification was pretextual.[4]

Because Burks has failed to produce sufficient admissible evidence from which a reasonable jury could find that she suffered an adverse job action because of her age, Care Management Plus is entitled to summary judgment on Burks' age-discrimination claim.

## II. Care Management Plus Is Entitled to Summary Judgment on Burks' Retaliation Claim

The Age Discrimination in Employment Act "also prohibits retaliation for activity protected by the Act." *Wrolstad*, 911 F.3d at 456. "More specifically, the Act makes it unlawful for an employer to 'discriminate against any of [its] employees . . . [for] oppos[ing] any practice made unlawful by this section' or because the employee . . . 'has made a charge . . . under this chapter.'" *Id.* (quoting 29 U.S.C. § 623(d)). "To survive summary judgment on a timely retaliation claim, plaintiff must offer evidence of: '(1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two.'" *Skiba*, 884 F.3d at 718 (quoting *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017)). "Under the ADEA retaliation must be a but-for cause of a materially adverse action, not merely a contributing factor." *Barton v. Zimmer, Inc.*, 662 F.3d 448, 455–56 (7th Cir. 2011) (citing *Gross*, 557 U.S. at 177–78; *Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 961 (7th Cir. 2010)).

Burks alleges that she was discriminated against for complaining about age-related discrimination. According to Burks, the younger employees at Care Management Plus

[4] Burks previously suggested that Care Management Plus allowed young employees to remain on the work schedule until they passed the certification class. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 4, ECF No. 11. However, she did not repeat that allegation in opposing summary judgment, *see* Pl.'s Resp. 2–3, and she provides no evidence to support it.

frequently called in to work, arrived late to their scheduled shifts, or left early. Burks says that the company often required her to pick up their slack. Occasionally she was transferred to a different job site during the middle of her shift due to staffing issues. Other times she was forced to stay late when the third-shift worker didn't show up on time. (Burks says she worked from 2:00 p.m. until 10:00 p.m.—the second shift.) And sometimes, if the third-shift worker didn't show up at all, she had to stay the entire night. Burks insists that she complained to management about having to move to different work sites and do more work than her younger colleagues. Burks believes that Kroft (her supervisor) removed her from the work schedule and that the company terminated her employment for speaking up about those issues.

Burks' retaliation claim fails for two reasons. First, she has failed to show that she engaged in statutorily protected activity. "Statutorily-protected activity 'requires more than simply a complaint about some situation at work, no matter how valid the complaint might be.'" *Skiba*, 884 F.3d at 718 (quoting *Cole v. Bd. of Trs. of N. Ill. Univ.*, 838 F.3d 888, 901 (7th Cir. 2016)). "Rather, 'the complaint must indicate [that] discrimination occurred because of sex, race, national origin, or some other protected class.'" *Id.* (quoting *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006)). Although Burks says that she always complained to Kroft about having to do more work than her younger colleagues, she provides no admissible evidence to support that allegation. Care Management Plus concedes that Burks did complain to management about being transferred mid-shift. *See* Def.'s Facts ¶ 10. But nothing in those complaints suggests she was protesting discrimination on the basis of age. In her administrative complaint, Burks merely alleged that she spoke out about being forced to cover other employees' shifts; she never mentioned that the shifts she covered were for employees under the age of forty. *See* Compl. 5.

Second, retaliation was not a but-for cause of a materially adverse employment action. Care Management Plus argues that Burks voluntarily resigned from her position as a personal care worker when she missed multiple shifts without explanation and didn't contact management to discuss her reinstatement. Burks claims that she was removed from the work schedule and later terminated because she wasn't certified to distribute medication. In either case, Burks' employment with the company would have ended whether or not she had complained about age discrimination in the workplace.

Because Burks has failed to produce sufficient admissible evidence from which a reasonable jury could find that she was discriminated against for engaging in activity protected by the Age Discrimination in Employment Act, Care Management Plus is entitled to summary judgment on Burks' retaliation claim.

## CONCLUSION

Burks has failed to present evidence from which a reasonable jury could find that Care Management Plus discriminated against her because of her age or for complaining about age-related discrimination. Accordingly, for all the foregoing reasons, the court **GRANTS** the defendant's motion for summary judgment, ECF No. 30. The clerk of court shall enter judgment that this action is dismissed and that Burks shall take nothing from the defendant by her complaint.

**SO ORDERED** this 4th day of April, 2025.

STEPHEN C. DRIES
United States Magistrate Judge